UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAWN YOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14CV113 SNLJ |
| | ) |
| CARL HEFNER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Shawn Yount (registration no. 167218) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $1.98. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

1

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Moberly Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Carl Hefner (Sheriff of Stoddard County), Hank Trout (Captain, Stoddard County Sheriff's Department), Keith Haynes (Deputy, Stoddard County Sheriff's Department), Travis Stafford (Deputy, Stoddard County Sheriff's Department) and Andy Holden (Deputy, Stoddard County Sheriff's Department).

Plaintiff alleges that he was incarcerated at the Stoddard County Jail on July 14, 2010, after defendants Hefner and Trout planted evidence on him in order to confine him. Plaintiff claims that, for three days, he was placed in a "very small room" with no toilet or sink and was given a mattress "with only half of the inside part." He further states that, as a result of this confinement, he contracted neuropathy. Plaintiff states that he subsequently was moved to "C-block," where he contracted hepatitis C.

In addition, plaintiff claims that on July 21, 2010, defendants Trout and Hefner executed a search warrant relative to plaintiff's motor vehicle. The search revealed numerous items that were either stolen during burglaries or were considered to have been used in burglaries. Plaintiff states that the police report was "signed by Captain Hank Trout and states Sheriff Carl Hefner was with him."

Plaintiff further claims that on June 23, 2010, defendants Trout and Hefner investigated a burglary at a business owned by Kenneth Bell. Liberally construing the complaint, plaintiff is alleging that, after recovering numerous stolen items from an individual named Don St. Cin, defendants Trout and Hefner planted the stolen items in plaintiff's vehicle, while plaintiff was in the custody of the Stoddard County Sheriff's Department.

## Discussion

Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. For these reasons, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As an additional ground for dismissing this action, the Court will take judicial notice of *Yount v. Stoddard County*, No. 1:12-CV-186-LMB (E.D. Mo.) as well as *Yount v. Hefner*, No. 1:14CV6 SNLJ (E.D.Mo.), cases previously filed by plaintiff in this Court. The named defendants in the first action were Stoddard County, Carl Hefner, and Briney Wellborn. The named defendants in plaintiff's second action were Carl Hefner and Hank Trout.

In the first case, plaintiff alleged, *inter alia*, that Carl Hefner "and or his deputies" planted evidence on plaintiff, consisting of stolen items recovered from another individual, and that he contracted hepatitis C and neuropathy as a result of his confinement at the Stoddard County Jail. Although plaintiff was given an opportunity to cure any deficiency in his complaint, he ultimately

failed to provide facts supporting his claims. Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the Court granted. The action was dismissed on December 3, 2013; plaintiff filed the second lawsuit the following month.

In the second action brought by plaintiff, plaintiff attempted to reassert virtually the same claims as those advanced in *Yount v. Stoddard County*, No. 1:12-CV-186-LMB (E.D. Mo.), albeit with more detail and specificity. The Court found, however, that the second case was barred by the doctrine of res judicata.

The principle behind the doctrine of res judicata is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir.1982) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Trust of Minot*, 324 F.3d 580, 581 (8th Cir.2003) (citing *Hartsel Springs Ranch v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir.2002)).

Under Eighth Circuit law, in order for a claim to be precluded under the doctrine of res judicata due to a determination reached in a prior lawsuit, the following elements must be satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must [(5)] have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir.2009) (citations omitted).

The Court finds that each of the five factors necessary for res judicata to apply have been met in the case at bar and that the doctrine precludes plaintiff's current action as well. *See*, *e.g.*,

*Misischia v. St. John's Mercy Health Systems*, 457 F.3d 800, 804 (8th Cir. 2006) ("a prior judgment bars a subsequent claim arising out of the same group of operative facts even though additional or different evidence or legal theories might be advanced to support the subsequent claim"). More specifically, the first action, *Yount v. Stoddard County*, No. 1:12-CV-186-LMB (E.D. Mo.), was based on proper jurisdiction and resulted in a final judgment on the merits. The first action named Carl Hefner as a defendant, and both actions involved the same parties and/or parties in privity, given that defendants Trout, Hefner and the other members of the Stoddard County Sheriff's Department allegedly acted together in executing the search warrants, conducting the burglary investigations, and planting the evidence on plaintiff. As previously noted, all of the actions also involved the same claims or causes of action. Last, it appears that plaintiff had a full and fair opportunity to litigate his claims in *Yount v. Stoddard County*, No. 1:12-CV-186-LMB (E.D. Mo.), prior to the Court's December 3, 2013 dismissal. For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend a clerical error in his pleading [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of August, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE